***UNITED STATES DISTRICT COURT***
***SOUTHERN DISTRICT OF NEW YORK***

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, | : Civil Action No. |
| | : **COMPLAINT FOR DECLARATORY** |
| Plaintiff, | **RELIEF, BREACH OF CONTRACT,** |
| | : **AND DAMAGES** |
| vs. | |
| | : |
| ACCIDENT FUND INSURANCE COMPANY OF AMERICA, | |
| | : |
| Defendant. | |

## COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT AND DAMAGES

Plaintiff, Ohio Security Insurance Company ("OSIC"), by and through its undersigned counsel, as and for its Complaint against defendant Accident Fund Insurance Company of America ("Accident Fund") alleges upon information and belief as follows:

### NATURE OF ACTION

1. OSIC is providing defense and indemnification to Grace Contracting and Development, LLC ("Grace") in the underlying civil action entitled *Edwin Alonso Caceres Sanchez v. Tarrytown Union Free School District, et al.*, Supreme Court of the State of New York, County of Westchester, Index No. 56277/2024 (the "Underlying Action") as the named insured under a primary general liability policy issued by OSIC to Grace ("OSIC Policy").

- 1 -

2. By this action, OSIC seeks a declaration that Accident Fund obligated to defend and indemnify Grace on a primary and non-contributory basis for all claims asserted against it and liabilities it may have to any party in the Underlying Action as an additional insured under Accident Fund primary policy no. FTL1000048-02  and Follow Form Excess Liability policy no. FTX1000011-02 issued to Pinnacle Thermal Solutions ("Pinnacle") without reservation of rights, as required by the Trade Contract between Grace and Pinnacle, and that OSIC is entitled to a judgment for all defense and indemnity costs incurred on behalf of Grace for all liabilities it may have in the Underlying Action.

## PARTIES

3. OSIC is a company organized under the laws of the State of New Hampshire with a principal place of business in Boston, Massachusetts and has issued policies of insurance in the State of New York.

4. Upon information and belief, Accident Fund is and was at all times relevant hereto an insurance company domiciled in the State of Michigan in the business of issuing policies of insurance in the State of New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. §2201.

6. In the Underlying Action, Edwin Alonso Caceres Sanchez ("Mr. Caceres") seeks to recover damages for injuries sustained in a construction-related accident on a project in premises located at 210 North Broadway, Tarrytown, County of Westchester, New York ("Project"), the purported value of which exceeds $75,000.

7. An actual justiciable controversy exists between the parties as to coverage afforded under the insurance policies issued by Accident Fund.

8. OSIC has no remedy at law.

## BACKGROUND FACTS

9. In the Underlying Action, Mr. Caceres alleges that he sustained injuries on July 31, 2023, while working on the Project which is the subject of the Trade Contract in his capacity as an employee of Pinnacle. Mr. Caceres has sued Grace, as well as others.

10.    On April 30, 2024, OSIC formally tendered to Accident Fund the defense and indemnity of Grace as an additional insured under the Accident Fund policies.  To date, Accident Fund has failed or refused to respond to the tender and acknowledge its obligation to provide primary and non-contributory additional insured coverage to Grace for the claims against it in the Underlying Action.

11.    All conditions for additional insured coverage under the Accident Fund policies have been satisfied or waived.

## GRACE-PINNACLE TRADE CONTRACT

12.    On or about October 17, 2022, Grace and Pinnacle entered into a Trade Contract for work on the Project.  The Trade Contract includes, among other provisions, the following with respect to indemnification and required additional insured coverages:

To the fullest extent permitted by law, SUBCONTRACTOR shall indemnify, defend and hold harmless Grace, the owner, the architect, and their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorney fees, arising out of or resulting from the performance of the Work provided that any such claim, damage, loss, or expense (1) is attributed to bodily injury, sickness disease or death or injury to or destruction of tangible property (other than the work itself) including the loss of use resulting therefore, and (2) is caused in whole or in part by any neglect act or omission of the Contractor, and Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose

- 4 -

acts any of them may be liable, regardless of whether or not it is caused in part by indemnified hereunder, such obligation shall not be construed to negate, abridge, or otherwise reduce any other right or obligation of indemnity, which would otherwise exist, to any party or person described in this paragraph. Grace Contracting & Development LLC is hereby named as an additional insured on a primary and non-contributory basis which includes your work.

1. Insurance Requirement - The Subcontractor shall purchase and maintain insurance of the following types of coverage and limits of liability:

(1) Commercial General Liability (CGL) with limits of insurance not less than $1,000,000 each occurrence and $2,000,000 Annual Aggregate

a) If the CGL coverage contains a General Aggregate Limit, such General Aggregate shall apply separately to each project

b) CGL Coverage shall be written on ISO Occurrence form CG00 01 1001 or a substitute from providing equivalent coverage and shall cover liability arising from premises, operations, independent contractors, products-completed operation, and personal and advertising injury.

c) Grace, owner and all the parties required by contract, shall be included as insured on the CGL, using ISO Additional Insured Endorsement CG 20 10 11 85 or an equivalent coverage to the additional insured. The insurance for the additional insured shall be as broad as the coverage provided for the named insured subcontractor. It shall apply as Primary Insurance, before any other Insurance or self insurance, including deductible, maintained by or provided to the additional insured.

d) Subcontractor shall maintain CGL coverage itself and all additional insured's for the duration of the project and maintain Completed Operations coverage for itself

and each additional insured for at least 2 years after
completion of the work.

(3) Commercial Umbrella

a) Umbrella limits must be at least $5,000,000

b) Umbrella coverage must include as insured's all
entities that are additional insured's on the CGL

c) Umbrella coverage for such additional insured's shall
apply before any other insurance or self insurance,
including any other deductible, maintained by, or
provided to, the additional insured other than the CGL,
Auto Liability and Employers Liability coverage
maintained by the Subcontractor.

### THE ACCIDENT FUND PRIMARY POLICY

13.    Accident Fund issued General Liability Policy no.

FTL1000048-02 to Eaglestone, LLC and Pinnacle Thermal

Solutions for the period May 1, 2023 to May 1, 2024 ("Accident

Fund Primary Policy"). The Accident Fund Primary Policy has

stated limits of $2 million per occurrence/$4 million

aggregate and includes, among others, the following

provisions:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT
CAREFULLY.

NEW YORK CHANGES – COMMERCIAL GENERAL LIABILITY
COVERAGE FORM

This endorsement modifies insurance provided under the
following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Paragraph 1. Insuring Agreement of Section I - Coverage A Bodily Injury And Property Damage Liability is replaced by the following:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice

of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. Of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

\*\*\*

SECTION V – DEFINITIONS

- 8 -

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*  *  *

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| Where required by written contract, signed and executed prior to a loss. | Where required by written contract, signed and executed prior to a loss. |

| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |
|---|

A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your

- 9 -

behalf; in the performance of your ongoing operations
for the additional insured(s) at the location(s)
designated above.

However:

1. The insurance afforded to such additional insured
only applies to the extent permitted by law; and

2. If coverage provided to the additional insured is
required by a contract or agreement, the insurance
afforded to such additional insured will not be broader
than that which you are required by the contract or
agreement to provide for such additional insured.

B. With respect to the insurance afforded to these
additional insureds, the following additional exclusions
apply:

This insurance does not apply to "bodily injury" or
"property damage" occurring after:

1. All work, including materials, parts or equipment
furnished in connection with such work, on the project
(other than service, maintenance or repairs) to be
performed by or on behalf of the additional insured(s)
at the location of the covered operations has been
completed; or

2. That portion of "your work" out of which the injury
or damage arises has been put to its intended use by any
person or organization other than another contractor or
subcontractor engaged in performing operations for a
principal as a part of the same project.

C. With respect to the insurance afforded to these
additional insureds, the following is added to Section
III - Limits Of Insurance:

If coverage provided to the additional insured is
required by a contract or agreement, the most we will
pay on behalf of the additional insured is the amount of
insurance:

- 10 -

1.   Required by the contract or agreement; or
2.   Available under the applicable Limits of Insurance shown in the Declarations; whichever is less. This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

\*\*\*

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s) | Location And Description Of Completed Operations |
|---|---|
| Where required by written contract, signed and executed prior to a loss. | Where required by written contract, signed and executed prior to a loss. |

| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |
|---|

A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".

- 11 -

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following is added to Section III - Limits Of Insurance:

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the contract or agreement; or
2. Available under the applicable Limits of

Insurance shown in the Declarations; whichever is less. This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

*** 

Policy Number:  FTL1000048-02

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

PRIMARY AND NON-CONTRIBUTING INSURANCE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

- 12 -

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| Where required by written contract, signed and executed prior to a loss. | Where required by written contract, signed and executed prior to a loss. |

A The following is added to Section IV - COMMERCIAL GENERAL LIABILITY CONDITIONS, Paragraph 4:

4. Other Insurance

d. Notwithstanding the provisions of subparagraphs a, b, and c of this paragraph 4, with respect to the Entity shown above, it is understood and agreed that in the event of a claim or "suit" arising out of the Named Insured's negligence, this insurance shall be primary and any other insurance maintained by the Entity above shall be excess and non- contributory.

The Entity to whom this endorsement applies is:

Absence of a specifically named Entity above means that the provisions of this endorsement apply "as required by written contractual agreement with any Entity for whom you are performing work."

ALL OTHER TERMS AND CONDITONS OF THIS CONTRACT REMAIN UNCHANGED

### THE ACCIDENT FUND EXCESS POLICY

14.    Accident Fund issued Follow Form Excess Liability policy no. FTX1000011-02 Eaglestone, LLC and Pinnacle Thermal Solutions for the period May 1, 2023 to May 1, 2024 with stated limits of $3 million occurrence/$3 million aggregate ("Accident Fund Excess Policy") excess of the Accident Fund Primary Policy limits.

- 13 -

15.    The Accident Fund Excess Policy includes, among others, the following provisions:

The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Coverage Part will apply. However, the coverage provided under this Coverage Part will not be broader than that provided by the applicable "controlling underlying insurance".

There may be more than one "controlling underlying insurance".

SECTION I - COVERAGES

1. Insuring Agreement

a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "injury or damage" to which insurance provided under this Coverage Part applies.

We will have the right and duty to defend the insured against any suit seeking damages for such "injury or damage" when the applicable limits of "controlling underlying insurance" have been exhausted in accordance with the provisions of such "controlling underlying insurance".

\*\*\*

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

AMENDMENT OF CONDITIONS - OTHER INSURANCE PRIMARY AND NON-CONTRIBUTING

This endorsement modifies insurance provided under the following:

COMMERCIAL EXCESS LIABILITY COVERAGE PART

- 14 -

SCHEDULE

> Name Of Additional Insured Person(s) Or Organization(s):
>
> As required by written contract, signed and executed prior to a loss.

Paragraph 8. Other Insurance of Section III - Conditions is deleted and replaced by the following:

8. Other Insurance

a. This insurance is excess over any other insurance available to the insured except:

1. Insurance that is purchased specifically to apply in excess of this policy; or

2. Insurance available to the person or organization shown in the Schedule of this endorsement as an additional insured on the "controlling underlying insurance."

b. When this insurance applies on a primary and non-contributing basis, the Limits of Insurance available for the additional insured will be the lesser of:

1. the amounts shown in the Declarations of this policy; or

2. the amount of insurance you are required to provide the additional insured in the written contract or agreement.

All other terms of the policy remain unchanged.

### ACCIDENT FUND IS OBLIGATED TO PROVIDE PRIMARY, NONCONTRIBUTORY ADDITIONAL INSURED COVERAGE TO GRADE UNDER THE ACCIDENT FUND PRIMARY AND EXCESS POLICIES

16.     Pursuant to the terms and conditions of the Trade Contract between Grace and Pinnacle and the provisions contained in the Accident Fund Primary and Excess Policies, Grace qualifies as an additional insured under both policies and, therefore, is entitled to defense and indemnity on a primary and noncontributory basis for all claims asserted against and liabilities faced by Grace in the Underlying Action.

17.     All terms and conditions for additional insured coverage in favor of Grace under the Accident Fund Primary and Excess Policies have been properly satisfied and/or waived, and no exclusions apply.

### COUNT ONE
### CAUSE OF ACTION FOR DECLARATORY RELIEF REGARDING ACCIDENT FUND'S DUTY TO DEFEND GRACE

18.     OSIC repeats and incorporates each and every allegation set forth in paragraphs 1 through 17 of the Complaint as if same were set forth herein at length.

19.     Pursuant to the terms and conditions of the Accident Fund Primary Policy, Grace qualifies as an additional insured

with respect to the claims asserted against and liabilities faced by Grace in the Underlying Action.

20.     Based on the allegations set forth in the pleadings in the Underlying Action, there is a reasonable possibility that acts or omissions by Pinnacle or those acting on its behalf caused in whole or in part Grace's liability. Therefore, Accident Fund owes Grace a primary and noncontributory duty to defend the claims asserted against Grace in the Underlying Action.

21.     The duty to defend owed to Grace by Accident Fund is primary and non-contributory to any other coverage available to Grace with respect to the claims in the Underlying Action.

22.     The timely and proper tender to Accident Fund on behalf of Grace has not been responded to and, instead, has been disregarded.

23.     All terms and conditions for additional insured coverage under the Accident Fund Primary Policy have been satisfied or waived, and no exclusions are applicable.

24.     Accordingly, OSIC is entitled to a declaration that Accident Fund is obligated to fully defend Grace in the Underlying Action under the Accident Fund Primary Policy without reservations, and that Accident Fund's obligation to

defend Grace is primary to any other insurance available to Grace.

COUNT TWO

**ACCIDENT FUND'S DUTY TO INDEMNIFY GRACE AS AN ADDITIONAL INSURED**

25.    OSIC repeats and re-alleges the allegations set forth in paragraphs 1 through 24 of the Complaint as if same were set forth herein at length.

26.    Pursuant to the terms and conditions of the Accident Fund Primary Policy, Grace qualifies as an additional insured on a primary and non-contributory basis.

27.    Based on the allegations and facts in the Underlying Action, Accident Fund's duty to indemnify Grace on a primary and non-contributory basis is triggered.

28.    All conditions precedent under the Accident Fund Primary Policy have been fully satisfied and/or waived.

29.    The prior tender to Accident Fund has not been responded to nor has Accident Fund acknowledged its obligation to indemnify Grace in the Underlying Action.

30.    Accident Fund owes Grace complete indemnity on a primary and non-contributory basis.  Accordingly, the Court should enter a declaratory judgment requiring Accident Fund to fully

indemnify Grace for the claims against it and liabilities it faces in the Underlying Action.

## COUNT THREE

### ACCIDENT FUND IS OBLIGATED TO REIMBURSE AND PAY ALL SUMS INCURRED TO DEFEND AND INDEMNIFY GRACE IN THE UNDERLYING ACTION

31.    OSIC repeats and re-alleges the allegations set forth in paragraphs 1 through 30 of the Complaint as if same were set forth herein at length.

32.    Pursuant to the terms and conditions of the Accident Fund Primary Policy, Grace qualifies as an additional insured on a primary and non-contributory basis under the Accident Fund Primary Policy.

33.    Based on the facts and allegations in the Underlying Action, Accident Fund's duty to defend Grace on a primary and non-contributory basis was triggered as of the date of the initial tender.

34.    Accident Fund has wrongfully failed or refused to provide a defense to Grace under the Accident Fund Primary Policy. As a result of said wrongful failure or refusal, OSIC has been forced to incur and continue to incur expenses to defend Grace in the Underlying Action. Accordingly, the Court should enter judgment in favor of OSIC requiring Accident Fund to forthwith

reimburse OSIC for all defense expenses incurred through the date of the judgment, together with lawful interest.

**COUNT FOUR**

**ACCIDENT FUND'S OBLIGATIONS TO GRACE UNDER THE ACCIDENT FUND EXCESS POLICY**

35.   OSIC repeats and re-alleges the allegations set forth in paragraphs 1 through 34 of the Complaint as if same were set forth herein at length.

36.   Pursuant to the terms and conditions of the Accident Fund Excess Policy, Grace qualifies as an additional insured on a primary and non-contributory.

37.   Based on the allegations and facts in the Underlying Action, Accident Fund's duty to afford additional insured coverage to Grace under the Accident Fund Excess Policy on a primary and non-contributory basis is triggered.

38.   All conditions precedent under the Accident Fund Excess Policy have been satisfied and/or waived and no exclusions apply.

39.   Accident Fund has failed and/or refused to acknowledge additional insured coverage for Grace under the Accident Fund Excess Policy for the claims asserted against and liabilities faced by Grace in the Underlying Action.

40.     Upon proper exhaustion of the Accident Fund Excess Policy,
Accident Fund owes complete defense and indemnity to Grace on
a primary and non-contributory basis for the claims asserted
against and liabilities faced by Grace in the Underlying
Action.    Accordingly, the Court should enter a declaratory
judgment requiring Accident Fund to fully defend and
indemnify Grace under the Accident Fund Excess Policy for the
claims asserted in the Underlying Action.

### PRAYER FOR DECLARATORY RELIEF

WHEREFORE, OSIC respectfully requests that this Court issue
judgment as follows:

1. Declaring that the Accident Fund Primary Policy was in full
   force and effect on the date of the injury alleged by Mr.
   Caceres in the Underlying Action;

2. Declaring that all terms and conditions of the Accident Fund
   Primary Policy have been met or waived;

3. Declaring that the Underlying Action and the alleged accident
   upon which it is based fall within the coverage afforded to
   Grace under the Accident Fund Primary Policy;

4. Declaring that Accident Fund owes a duty to fully defend Grace
   in connection with all claims against and liabilities faced

by Grace in the Underlying Action without a reservation of rights;

5. Declaring that Accident Fund owes a duty to indemnify Grace in connection with all claims against and liabilities faced by Grace in the Underlying Action without a reservation of rights;

6. Declaring that Accident Fund's coverage obligations to Grace with respect to the Underlying Action are primary and non-contributory to any other insureds available to Grace;

7. Awarding judgment against Accident Fund in an amount equal to the sums that OSIC incurred and continues to incur in defending the claims against Grace in the Underlying Action, together with lawful interest;

8. Declaring that the Accident Fund Excess Policy was in full force and effect on the date of the injury alleged by Mr. Caceres in the Underlying Action;

9. Declaring that all terms and conditions of the Accident Fund Excess Policy have been met or waived;

10.    Declaring that the Underlying Action and the alleged accident upon which it is based fall within the coverage afforded to Grace under the Accident Fund Excess Policy;

11.    Declaring that Accident Fund owes a duty to defend and indemnify Grace under the Accident Fund Excess Policy without a reservation of rights;

12.    Declaring that Accident Fund's coverage obligations under the Accident Fund Excess Policy to Grace with respect to the Underlying Action are primary and non-contributory to any other insurance available to Grace;

13.    Granting an award in favor of OSIC for the fees and costs of suit incurred herein; and

14.    Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 12, 2025

HARDIN, KUNDLA, MCKEON & POLETTO, P.A.
Attorneys for Plaintiff, Ohio Security
Insurance Company
110 William Street, 24th Floor
New York, New York 10038
(212) 571-0111

By: _____
     John S. Favate, Esq.

- 23 -